UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY BRADFORD, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  H-06-2478 |
| | § | |
| BOARD OF REGENTS OF THE | § | |
| UNIVERSITY OF HOSUTON and JAY | § | |
| GOGUE, WILLIAM MUNSON, ABEL | § | |
| GARZA, JACQUELINE HAWKINS, | § | |
| CHERYL AMORUSO, SHIRLEY YU, | § | |
| In their official capacities, | § | |
|    Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, Board of Regents of the University of Houston Jay Gogue, William Munson, Abel Garza, Jacqueline Hawkins, Cheryl Amoruso, and Shirley Yu, all in their official capacities, by and through their attorney of record, James "Beau" Eccles, Assistant Attorney General, and file this Original Answer and Affirmative Defenses, and would show this Court the following:

### STATEMENT OF CLAIMS

1.  Plaintiff's first sentence is simply descriptive of his claims and needs no specific response. Defendants deny the second sentence.

2.  Defendants deny Plaintiff is entitled to the relief he seeks.

### JURISDICTION AND VENUE

3.  Defendants do not believe jurisdiction is established as to all claims and parties asserted.

4.  Admitted only that venue is proper. Deny remainder of paragraph.

PARTIES

5. Defendants do not have personal knowledge of the facts alleged but without waiving any claims that this court lacks jurisdiction to entertain Plaintiff's claims believe them to be true.

6. Defendants cannot admit or deny the second sentence which is a conclusion of law. Defendants deny the third sentence to the extent jurisdiction is assumed. Defendants admit the remainder of the paragraph.

7. Defendants cannot admit or deny the statement regarding "legal duty" as it is a conclusion of law. Defendants deny the remainder of this paragraph to the extent jurisdiction is assumed. Defendants do not contest service.

8. Defendants cannot admit or deny the second sentence which is a conclusion of law. Defendants deny the third sentence to the extent jurisdiction is assumed. Defendants admit the remainder of the paragraph. Defendants do not contest service.

9. Defendants cannot admit or deny the second sentence which is a conclusion of law. Defendants deny the third sentence to the extent jurisdiction is assumed. Defendants admit the remainder of the paragraph. Defendants do not contest service.

10. Defendants cannot admit or deny the second sentence which is a conclusion of law. Defendants deny the third sentence to the extent jurisdiction is assumed. Defendants admit the remainder of the paragraph. Defendants do not contest service.

11. Defendants cannot admit or deny the second sentence which is a conclusion of law. Defendants deny the third sentence to the extent jurisdiction is assumed. Defendants admit the remainder of the paragraph. Defendants do not contest service.

12. Defendants deny the first sentence. Defendants cannot admit or deny the second sentence

which is a conclusion of law.  Defendants deny the third sentence to the extent jurisdiction is assumed.  Defendants do not contest service.

## STATEMENT OF FACTS

13.     Defendants admit the first sentence.  Defendants cannot admit or deny the remainder at this time.

14.     Defendants do not have personal knowledge of the facts stated but believe them to be true.

15.     Admitted that Plaintiff registered with Center for Students with Disabilities.  Defendants do not have sufficient information to admit or deny the remainder of this paragraph.

16.     Defendants admit first sentence; deny second sentence; deny third sentence; and deny fourth sentence since they are all stated as absolutes.

17.     Defendants deny first sentence.  In light of denial of first sentence, deny second sentence.

18.     Admitted that AAEC approval form was signed by Defendant Amoruso and Defendant Hawkins.

## ACCOMMODATION DENIED BY PROFESSOR

19.     Admitted only that Plaintiff was enrolled in a course with Defendant Yu as instructor of record the remainder of the first sentence is denied.  Defendants admit second sentence.

20.     Defendants cannot admit or deny at this time.

21.     Defendants cannot admit or deny at this time.

22.     Defendants cannot admit or deny at this time.

23.     Defendants cannot admit or deny at this time.

24.     Admitted that professors are involved in the decision of a reasonable academic accommodation. Admitted that the academic accommodation policy is posted on Provost and Center

for Students with Disabilities' website, the remainder of paragraph is denied.

25. Generally admitted; however not true in some circumstances.

26. Generally admitted; however not true in some circumstances.

27. It is unclear what "decisions" Plaintiff refers to so accordingly Defendants cannot admit or deny.

28. Admitted that Dr. Pustejovsky so informed the Plaintiff.

29. Admitted that Defendant Amoruso did not take over processing as this stayed with Dr. Pustejovsky and that Plaintiff did not confer with Defendant Amoruso.

30. Cannot admit or deny at this time but it is denied that Defendants "refused" to provide accommodations for Plaintiff.

31. Admitted that Plaintiff stated he would "make due" with the accommodations provided and therefore no further actions were taken by the Center for Students with Disabilities. Accordingly deny the second sentence.

32. Cannot admit or deny at this time.

## ACCOMMODATION DENIED BY CSD & TEACHING ASSISTANT

33. Admitted.

34. Cannot admit or deny at this time.

35. Cannot admit or deny at this time.

36. Cannot admit or deny at this time.

37. Admitted.

38. Cannot admit or deny at this time.

35. Cannot admit or deny at this time.

*BRADFORD:* Defendants' Original Answer and Affirmative Defenses                                                                                           4

39. Cannot admit or deny at this time.

40. Cannot admit or deny at this time.

41. Cannot admit or deny first sentence, admit second sentence.

<u>BUILDING INACCESSIBILITY</u>

42. Admitted.

43. Admitted.

44. Admitted.

45. Cannot admit or deny at this time.

46. Cannot admit or deny at this time.

CAUSES OF ACTION

I. <u>Violations of Title II of ADA</u>

47. Defendants need not admit or deny a statement or conclusion of law.

48. Defendants need not admit or deny a statement or conclusion of law.

49. Defendants need not admit or deny a statement or conclusion of law.

50. Defendants need not admit or deny a statement or conclusion of law.

51. Defendants need not admit or deny a statement or conclusion of law.

52. Defendants need not admit or deny a statement or conclusion of law.

53. Defendants need not admit or deny a statement or conclusion of law.

54. Defendants do not dispute Plaintiff has a disability. Defendants need not admit or deny the remaining conclusions of law.

55. Defendants need not admit or deny a statement or conclusion of law.

56. Denied.

57. Defendants need not admit or deny a statement or conclusion of law.

58. Denied

59. Denied.

## II. Violation of Section 504

60. Defendants need not admit or deny a statement or conclusion of law.

61. Defendants do not dispute Plaintiff has a disability. Defendants admit they receive federal funding. Defendants deny the remainder of the averments.

62. Defendants need not admit or deny a statement or conclusion of law.

63. Denied.

64. Defendants need not admit or deny a statement or conclusion of law.

65. Denied that University of Houston policies do not comply with federal regulations.

66. Defendants need not admit or deny a statement or conclusion of law.

67. Defendants need not admit or deny a statement or conclusion of law.

## INJUCTION

68. Denied.

69. Denied.

## DECLARATORY JUDGMENT

70. Denied.

## ATTORNEY'S FEES AND COSTS

71. Denied.

PRAYER FOR RELIEF

A - D   These paragraphs constitute a prayer for relief, to which no response is required, however, to the extent that a response is deemed required, deny that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

1. Defendants assert 11th Amendment or sovereign immunity.

2. Defendants assert that Plaintiff has failed to state claims upon which relief can be granted.

3. Defendants assert that the Plaintiff has failed to mitigate his damages.

4. Defendants assert the affirmative defense of limitations to the extent applicable to any claim asserted by Plaintiff.

5. Defendants assert the right to raise additional defenses that become apparent throughout the further development of the case.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    KENT C. SULLIVAN
    First Assistant Attorney General

    EDWARD D. BURBACH
    Deputy Attorney General for Litigation

    JEFF L. ROSE
    Chief, General Litigation Division

        /s/ James "Beau" Eccles
JAMES "BEAU" ECCLES
Attorney-in-Charge
Texas Bar No. 00793668
Southern District No. 310917
Assistant Attorney General
Texas Bar No. 00793668
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of the above Defendants Original Answer and Affirmative Defenses was served via electronic transmission on the 16th day of August, 2006, to:

    James C. Harrington
    Texas Civil Rights Project
    1405 Montopolis
    Austin, Texas  78741-3438
    *Attorney for Plaintiff*

        /s/ James "Beau" Eccles
JAMES "BEAU" ECCLES
Assistant Attorney General